|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | UNITED STATES DISTRICT COURT | |
| 9 | NORTHERN DISTRICT OF CALIFORNIA | |

```
ROYAL YATES,                    )
                                )
        Plaintiff(s),           )    No. C05-1510 BZ
                                )
    v.                          )    ORDER DENYING DEFENDANTS'
                                )    MOTION TO COMPEL ARBITRATION
GUNNALLEN FINANCIAL and CURT    )
WILLIAMS,                       )
                                )
        Defendant(s).           )
_____)
```

In January 2004, plaintiff Royal Yates and defendant Gunnallen Financial entered into a "Margin Account Agreement" that included a "Pre-Dispute Arbitration Agreement" which provides, in pertinent part, that disputes "shall be determined by arbitration before a panel of independent arbitrators set up by either the New York Stock Exchange, Inc., or National Association of Securities Dealers, Inc., as [plaintiff] may designate." See Decl. of Jay Marc Israel in Supp. of Mot. To Compel Arbitration ¶ 4, Ex. A.[1]  When a

---

[1] All parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings including entry of final judgment pursuant to 28 U.S.C. § 636(c).

1

dispute developed, plaintiff elected to arbitrate it before the New York Stock Exchange ("NYSE"), apparently because he preferred the NYSE procedures and thought the cost would be less.  The NYSE refused to arbitrate the dispute because defendant Gunnallen Financial was not a member.  Plaintiff then filed this action alleging four claims based on certain securities transactions that allegedly occurred on plaintiff's account without his permission.

Defendants have moved to compel arbitration.[2]  Defendants do not dispute that at the time plaintiff entered into the Margin Account Agreement, Gunnallen Financial was not a member of the NYSE.  They claim, however, that because plaintiff can arbitrate his dispute before the National Association of Securities Dealers, Inc. ("NASD"), the Court must compel plaintiff to arbitrate in that forum.

Section 2 of the FAA provides that a written agreement to submit a dispute to arbitration "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  Although under the FAA, "ambiguities in the language of an agreement should be resolved in favor of arbitration," courts may not "override the clear intent of the parties, or reach a result inconsistent with the plain text of the contract, simply because the policy favoring arbitration is implicated." E.E.O.C. v. Waffle House, Inc., 534 U.S. 279, 294 (2002).

---

[2] Defendants include Gunnallen Financial and Curt Williams, an employee of Gunnallen Financial who was allegedly assigned to handle plaintiff's account.

2

1  Rather, the FAA "requires courts to enforce privately
2  negotiated agreements to arbitrate, like other contracts, in
3  accordance with their terms." Volt Info Sciences, Inc. v. Bd.
4  of Trustees of the Leland Stanford Junior Univ., 489 U.S. 466,
5  478 (1989) (citation omitted).  If the arbitration agreement
6  provides a method to appoint the arbitrator the court must
7  follow that method. ATSA of Cal., Inc. v. Continental Ins.
8  Co., 702 F.2d 172 (9th Cir. 1983); see also Cargill Rice, Inc.
9  v. Empresa Nicaraguense Dealimentos Basicos, 25 F.3d 223, 225-
10 26 (4th Cir. 1994).

11      The agreement between the parties clearly provides that
12 disputes shall be determined by arbitration before the NYSE or
13 NASD at plaintiff's election.  Plaintiff chose the NYSE for
14 reasons that are not disputed.  The NYSE refused to conduct
15 the arbitration not because of anything plaintiff did but
16 because Gunnallen Financial was not a member of the NYSE.  As
17 the Second Circuit held in very similar case:

> Although the federal policy favoring arbitration obliges us to resolve any doubts in favor of arbitration, we cannot compel a party to arbitrate a dispute before someone other than the NYSE when that party had agreed to arbitrate disputes only before the NYSE and the NYSE in turn, exercising its discretion under its Constitution, has refused the use of its facilities to arbitrate the dispute in question.

See In Re Salomon, Inc. Shareholders' Derivative Litigation, 68 F.3d 554, 557 (2d Cir. 1995); see also Martinez v. Master Protection Corp., 118 Cal. App. 4th 107, 121 (2004); Alan v. Superior Court of Los Angeles County, 111 Cal. App. 4th 217, 225 (2003).  "This rule is based on . . . the fundamental contract principle that a party cannot be required to forgo

3

its right to judicial resolution and to arbitrate its dispute before an arbitrator it has not knowingly and voluntarily chosen." Aviall, Inc. v. Ryder Sys., Inc., 913 F. Supp. 826, 836 (S.D.N.Y. 1996).[3]

As the parties contracted for plaintiff to be able to designate the NYSE as the arbitral forum, I conclude that the specific terms of their agreement should be enforced, and plaintiff should not be required to arbitrate his dispute before the NASD. See Volt, 489 U.S. at 478. **IT IS THEREFORE ORDERED** that defendants' motion to compel arbitration is **DENIED**.[4]

Dated: July 8, 2005

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\YATES 2\COMPELbz.wpd

---

[3] Although the Margin Account Agreement contains a choice-of-law provision providing that Massachusetts law governs, neither party has argued that Massachusetts law applies. In any event, under Massachusetts law, "[i]f the arbitration agreement provides a method of appointment of arbitrators, such method shall be followed." Stop & Shop Companies, Inc. v. Gilbane Building Co., 304 N.E. 2d 429, 432 (Mass. 1973).

[4] Neither party requests that I appoint an arbitrator pursuant to 9 U.S.C. § 5. See Salomon, 68 F.3d at 561 (holding that district courts may not use § 5 to circumvent the parties' designation of an arbitral forum).

4