UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROYAL YATES,<br><br>      Plaintiff(s),<br><br>  v.<br><br>GUNN ALLEN FINANCIAL and<br>CURT WILLIAMS,<br><br>      Defendant(s). | No. C05-1510 BZ<br><br>**ORDER DENYING LEAVE TO FILE MOTION TO RECONSIDER** |

On June 1, 2006, defendants filed a Motion To Reconsider my ruling date July 8, 2005 denying their Motion To Compel Arbitration.  Technically, the motion was improperly filed because defendants had not sought, let alone received, leave to file such a motion as required by Local Rule 7-9(a). However, in the interest of expediting this matter, I deem their motion as a request for leave.

The essence of the motion is that my ruling declining to compel arbitration should be reconsidered because it was based on a erroneous representation of fact by Mr. Padway as to his client's motivation in seeking arbitration before the New York Stock Exchange.  Defendants rely entirely on a newspaper report of an interview with Mr. Padway in which he purportedly

1

1  made statements claimed to be inconsistent with statements
2  made during argument on the motion.
3       Neither side discusses the admissibility of the newspaper
4  report.  Absent objection, I will consider it.
5       In opposition, plaintiff has argued first that the
6  purported factual misstatement was irrelevant to the
7  disposition of the motion to compel arbitration.  I agree.
8  While it is true that during argument of the motion, I asked
9  Mr. Padway why his client chose to arbitrate before the New
10 York Stock Exchange and the answer he gave is not entirely
11 consistent with the answer attributed to him in the newspaper
12 article, it is also true that the motion was decided on the
13 basis of contract principles and not because of plaintiff's
14 motivation in choosing a forum.
15      In any event, Mr. Padway has submitted a declaration
16 supported by various documents which tend to support his
17 factual assertions made during argument on the motion to
18 compel arbitration that his client initially preferred
19 arbitration before the New York Stock Exchange.
20      For the foregoing reasons, **IT IS ORDERED** that plaintiff's
21 Motion For Reconsideration of Petition To Compel NASD
22 Arbitration, treated as a motion for leave to file a motion
23 for reconsideration in accordance with Local Rule 7-9(a), is
24 **DENIED.**
25 Dated: June 19, 2006
26                              _____
                                      Bernard Zimmerman
                                 United States Magistrate Judge
27
28 G:\BZALL\-BZCASES\YATES 2\DENY.MOT.RECONSID.ORDER.wpd

2