UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROYAL YATES, | ) | |
| | ) | |
| Plaintiff(s), | ) | No. C05-1510 BZ |
| | ) | |
| v. | ) | |
| | ) | **ORDER GRANTING PLAINTIFF'S** |
| GUNN ALLEN FINANCIAL and | ) | **MOTION FOR PREJUDGMENT** |
| CURT WILLIAMS, | ) | **INTEREST** |
| | ) | |
| Defendant(s). | ) | |
| _____ | ) | |

In this action containing both federal and state claims, the court agrees with plaintiff that inasmuch as an award of punitive damages was returned, implicitly the jury found for plaintiff on his state law churning claim.  Because, in a diversity case, a federal court applies the choice of law principles of the state in which it sits for substantive matters of law, and prejudgment interest is a component of substantive damages, California law governs plaintiff's entitlement to prejudgment interest in this diversity action. Northrop Corp. v. Triad Intern. Marketing S.A., 842 F.2d 1154, 1155 (9th Cir. 1988); Bolt v. Merrimack Pharmaceuticals, Inc., 2005 WL 2298423, at * 6 (E.D. Cal. Sept. 20, 2005).

1

1   California law also determines the appropriate prejudgment

2   interest rate in this case.  <u>Citicorp Real Estate, Inc. v.</u>

3   <u>Smith</u>, 155 F.3d 1097, 1107 (9th Cir. 1998).  Defendants do not

4   dispute this.  Plaintiff's entitlement to, and the amount of,

5   prejudgment interest are therefore governed by California

6   Civil Code § 3287.

7       The compensatory damages in this case were such that the

8   defendants either knew the amount owed or could have readily

9   computed it from their records.  The error made by plaintiff's

10   damages expert was one of methodology; not computation.  The

11   jury did not have to resolve any disputes as to the amount of

12   any loss.  Defendants' liability was for a sum certain and an

13   award of prejudgment interest is therefore mandatory under

14   California Civil Code § 3287(a).  <u>See</u> <u>Arceneaux v. Merrill</u>

15   <u>Lynch, Pierce, Fenner & Smith, Inc.</u>, 767 F.2d 1498, 1504 (11th

16   Cir. 1985)(in a Florida churning case, where state law

17   precluded an award of prejudgment interest on unliquidated

18   claims, the jury award was "in the nature of a liquidated

19   claim" because the jury awarded plaintiff's total claimed loss

20   and "did not really resolve any dispute as to the amount of

21   the claimed loss").  Here, the jury awarded plaintiff $240,382

22   in compensatory damages, the amount he sought from the jury.

23   The jury award closely matched the amount prayed for in the

24   complaint - approximately $250,000.  Once the jury determined

25   that plaintiff was entitled to damages, it did not need to

26   resolve any dispute as to the amount but awarded plaintiff's

27   claimed amount.

28       Furthermore, the appropriate rate of interest is 7%.

1   <u>Continental Airlines, Inc. v. McDonnell Douglas Corp.</u>, 216

2   Cal.App.3d 388, 434 (1989)(setting 7% as the correct

3   prejudgment interest rate in a case for fraud and breach of

4   contract because "there is no relevant legislative act

5   specifying a rate of prejudgment interest for a fraud claim").

6   <u>See also</u> <u>Northrop Corp.</u>, 842 F.2d at 1155 (citing <u>Pacific-</u>

7   <u>Southern Mortgage Trust Co. v. Insurance Co. of North America</u>,

8   166 Cal.App.3d 703, 716 (1985)).  Although plaintiff agrees

9   that "well-settled case law would call for a rate of 7%," Rep.

10  5:1-4, without citing any authority other than his reading of

11  the California Constitution, he asks the court to refrain from

12  following this case law.  The court declines to do so in a

13  diversity case and will apply a prejudgment interest rate of

14  7%.  **IT IS THEREFORE ORDERED** that plaintiff's motion is

15  **GRANTED** and he is awarded prejudgment interest at the rate of

16  7% from May 8, 2004, the day he stopped trading.  The parties

17  are **ORDERED** to calculate the amount of the prejudgment

18  interest consistent with this opinion and file a stipulation

19  by June 26, 2006 as to the amount.

20  Dated: June 21, 2006

21  _____

22          Bernard Zimmerman
        United States Magistrate Judge

23  G:\BZALL\-BZCASES\YATES 2\PREJUDGMENT.INT.ORDER.wpd

24

25

26

27

28

3