UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROYAL YATES,                         )
                                     )
          Plaintiff(s),              )    No. C05-1510 BZ
                                     )
     v.                              )
                                     )    **ORDER DENYING PLAINTIFF'S**
GunnAllen FINANCIAL and CURT         )    **MOTION FOR ATTORNEYS' FEES**
WILLIAMS,                            )
                                     )
          Defendant(s).              )
_____)

Following a jury verdict in plaintiff's favor, plaintiff moved for attorneys' fees under California Civil Code § 1717. Plaintiff relies on the following provisions in his contracts with defendant GunnAllen Financial ("GunnAllen"):

> I [plaintiff] am liable for payment upon demand of any debit balance or other obligation owed in any of my accounts or any deficiencies following a whole or partial liquidation, and I agree to satisfy any such demand or obligation.  Interest will accrue on any such deficiency at prevailing margin rates until paid.  I agree to reimburse my Broker/Dealer and NFS for all reasonable costs and expenses incurred in the collection of any debit balance or unpaid deficiency in any of my brokerage accounts, including, but not limited to, attorneys fees.

1

1 | Margin Account Agreement, Motion 1:8-12.

> Regarding any margin transactions I may make and supplementing the terms and conditions of my Margin Account Agreement, in the event I do not meet your margin calls promptly, you are authorized in your sole discretion, and without notification to me, to take any and all steps necessary to protect yourself in connection with put or call transactions made for my account, including without limitation the right to buy or sell short exempt, for my account and risk any part or all of the shares represented by options endorsed by you for my account, or to buy, sell or exercise any put or call options you may deem necessary to fully protect yourself.  Any and all losses and expenses, including attorneys' fees incurred by you in this connection will be reimbursed by me.

Option Account Agreement, Motion 1:14-20.

    Although both these provisions run in GunnAllen's favor, § 1717 makes such provisions bilateral and construes them as applying to the entire contract.

    The flaw in plaintiff's motion is that he did not sue defendants for breach of either of these contracts.  The complaint alleged four claims.  The first two were non-contractual claims for churning and securities fraud.  These claims were presented to the jury.  The third claim was for breach of fiduciary duty and arguably was founded on the contractual relationship between the parties.  However, plaintiff elected not to present this claim to the jury and it is not clear if it was ever prosecuted.  The fourth claim was for breach of an implied contract not to charge excessive commissions.  The jury was instructed, at the request of both parties, that "plaintiff claims that there was no written or oral contract concerning the amount he would be charged" by defendants.  Final Jury Instr. 22 [doc # 48].  The jury was

2

not asked to and did not return a separate verdict on this claim.  To the extent the jury found an implied contract not to charge excessive commissions, this contract did not contain an attorneys' fee provision.

> [S]ection 1717 applies only to actions that contain at least one contract claim [citations omitted]. If an action asserts both contract and tort or other noncontract claims, section 1717 applies only to attorney fees incurred to litigate the contract claims.

Santisas v. Goodin, 17 Cal.4th 599, 615 (1998).

Applying § 1717 as interpreted by the California Supreme Court, which this court must do in a diversity action,[1] to the churning and breach of implied contract claims presented to the jury, I conclude that neither is a contract claim of the sort that would permit plaintiff to obtain attorneys' fees under California Civil Code § 1717.

**IT IS THEREFORE ORDERED** that plaintiff's motion for attorneys' fees is **DENIED**.

Dated: June 28, 2006

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\YATES 2\ORDER RE ATTY.FEES.BZ.3.wpd

---

[1] See MRO Communs., Inc. v. Am. T & T Co., 197 F.3d 1276, 1281 (9th Cir. 1999).

3