UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROYAL YATES,<br>　　　　Plaintiff(s),<br>　　v.<br>GUNNALLEN FINANCIAL and CURT WILLIAMS,<br>　　　　Defendant(s). | No. C05-1510 BZ<br><br>**ORDER DENYING RULE 50 AND RULE 59 MOTIONS AND REMITTING PUNITIVE DAMAGES** |

　　The motions of defendants GunnAllen Financial ("GunnAllen") and Curt Williams for judgment as a matter of law pursuant to Rule 50(b) on the punitive damage claim or, in the alternative, for a new trial pursuant to Rule 59(a) on the issue of punitive damages are **DENIED** for the reasons given during oral argument and for the following reasons:

　　1.　Defendants cannot now claim that the jury was inadequately instructed on certain punitive damage issues because the instructions given by the court were either instructions submitted by defendants or joint instructions to

1

1  which defendants had agreed. U.S. v. Baldwin, 987 F.2d 1432,
2  1437 (9th Cir. 1993)("Where the defendant himself proposes the
3  jury instruction he later challenges on appeal, we deny review
4  under the invited error doctrine.").

5      2.   The jury's award of punitive damages was not contrary
6  to the weight of the evidence. McEuin v. Crown Equipment
7  Corp., 328 F.3d 1028, 1036 (9th Cir. 2003)("Judgment as a
8  matter of law is proper if the evidence, construed in the
9  light most favorable to the nonmoving party, permits only one
10 reasonable conclusion, and that conclusion is contrary to the
11 jury's.")(internal quotations and citation omitted).  Ample
12 evidence supported the jury's award, including:  (a) evidence
13 of excessive trading or turnover in plaintiff's account which
14 he testified that he did not authorize, (b) evidence of the
15 substantial commissions earned by defendants in two months,
16 more than half of the value of plaintiff's account at the
17 inception of the "churning," (c) evidence that it would have
18 been virtually impossible for plaintiff to earn a rate of
19 return sufficient to offset the commissions charged, (d)
20 evidence that defendants had never presented plaintiff with a
21 commission schedule and that the statements that plaintiff
22 received were formatted to make it very difficult to determine
23 what commissions he was being charged and (e) evidence that
24 following plaintiff's complaint, GunnAllen reviewed his
25 account and concluded that there had been no impropriety, from
26 which the jury could have concluded that whatever Williams
27 did, it was not a personal lark but was consistent with
28 GunnAllen's policies and practices and that Williams' conduct

1 | had been ratified or approved by GunnAllen.

2 |     3.   The fact that plaintiff is an experienced trader and
3 | did not object to the defendants characterizing him as an
4 | "aggressive" trader is beside the point.  Jt. Pretrial Stmt.
5 | 4:7-9 [doc # 30-1].  Plaintiff is not complaining that he was
6 | placed in an aggressive investment which he authorized or
7 | approved and which subsequently lost value; rather he
8 | presented evidence that defendants were churning his account
9 | to earn themselves commissions and not to earn him money.

10 |    4.   Defendants did not help their case by not testifying.
11 | The only testimony from any GunnAllen employee was a few
12 | portions of the depositions of Renee Emerick and Emil Dimitrov
13 | introduced by plaintiff.  The jury heard no percipient defense
14 | witness explain the strategy behind the substantial turnover
15 | in plaintiff's accounts on certain days.

16 |    5.   The size of the jury's award, however, is excessive
17 | under the factors enumerated in <u>State Farm Mutual Auto. Ins.</u>
18 | <u>Co. v. Campbell</u>, 538 U.S. 408 (2003).  "Whether an award
19 | comports with due process is measured by three guideposts:
20 | (1) the degree of reprehensibility of the defendant's
21 | misconduct; (2) the disparity between the actual or potential
22 | harm suffered by the plaintiff and the punitive damages award;
23 | and (3) the difference between the punitive damages awarded by
24 | the jury and the civil penalties authorized or imposed in
25 | comparable cases."  <u>Planned Parenthood of Columbia/Willamette</u>
26 | <u>Inc. v. American Coalition of Life Activists</u>, 422 F.3d 949,
27 | 953 (9th Cir. 2005).  <u>See also</u> <u>Bains LLC v. Arco Products Co.</u>,
28 | 405 F.3d 764, 775 (9th Cir. 2005).

1       6.  The most important guidepost is the reprehensibility
2  of defendants' conduct.  State Farm, 538 U.S. at 419.  Some of
3  the factors which make a defendant's conduct reprehensible do
4  not exist here.  The harm to plaintiff was economic, not
5  physical, and it did not endanger his health or safety.
6  Plaintiff was not financially vulnerable and was not subject
7  to the sorts of misrepresentations and inducements often found
8  in other churning cases.  See, e.g., Hatrock v. Edward D.
9  Jones & Co., 750 F.2d 767 (9th Cir. 1984)(broker's misleading
10 assurances of rumored takeover induced young couple to buy
11 stock); Hobbs v. Bateman Eichler, Hill Richards, Inc., 164
12 Cal.App.3d 174 (1985)(broker took advantage of widow with no
13 previous investing experience).  Plaintiff's compensatory
14 damages, together with his prejudgment interest, have made him
15 whole.  See State Farm, 538 U.S. at 426.  At the same time,
16 churning an account for commissions is financially
17 reprehensible and there was no evidence from either defendant
18 explaining their conduct.
19      7.  As to the second guidepost, against GunnAllen the
20 jury awarded punitive damages of exactly six times
21 compensatory damages.  While this single digit ratio satisfies
22 due process as determined by the Supreme Court in State Farm,
23 538 U.S. at 425, it is higher than the ratio suggested by the
24 Supreme Court and the Ninth Circuit for cases in which
25 plaintiff has received substantial compensatory damages.
26 "[A]n award of more than four times the amount of compensatory
27 damages might be close to the line of constitutional
28 impropriety."  State Farm, 538 U.S. at 425; Planned

4

1  Parenthood, 422 F.3d at 962 (in cases which awarded plaintiff
2  economic damages and defendant's behavior was not particularly
3  egregious, "a ratio of up to 4 to 1 serves as a good proxy").
4  The ratio of six to one is also just outside the high end of
5  the range of punitive damage awards in other cases cited by
6  plaintiff, all of which were decided several years before
7  State Farm and BMW of North America, Inc. v. Gore, 517 U.S.
8  559 (1996).  See, e.g., Hatrock, 750 F.2d at 772 (upholding a
9  punitive damage award of $200,000 against the brokerage
10 company following an award of $37,000 in compensatory damages
11 for a ratio of 5.4 to 1.0).
12      8.   The third guidepost is not very helpful here.  It
13 does not appear that federal or state law authorizes civil
14 penalties in churning cases.  15 U.S.C. § 78bb(a).  A federal
15 crime analogous to churning would be wire fraud, which is
16 punishable by a fine of up to $500,000 for an organization and
17 up to $250,000 for an individual.  See 18 U.S.C. § 1343; 18
18 U.S.C. § 3571(b) and (c).
19      Having found the amount of the punitive damages to be
20 excessive, I have two options.
21       When the court, after viewing the evidence
          concerning damages in a light most favorable to
22        the prevailing party, determines that the
          damages award is excessive, it has two
23        alternatives.  It may grant defendant's motion
          for a new trial or deny the motion conditional
24        upon the prevailing party accepting a
          remittitur.
25
26 Fenner v. Dependable Trucking Co., 716 F.2d 598, 603 (9th Cir.
27 1983).  Accordingly, **IT IS ORDERED** that defendants' Rule 50
28 and Rule 59 motions are **DENIED** except that GunnAllen's motion

5

for a new trial pursuant to Rule 59(a) on the issue of the amount of punitive damages is **DENIED** on condition that plaintiff accept a remittitur of the amount of punitive damages to $721,146, or three times the amount of compensatory damages.  Plaintiff shall file an election to accept or reject the remittitur by **July 17, 2006.**

Dated:   June 30, 2006

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\YATES 2\ORDER.DENY.51.59.MOTIONS.5.wpd