UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROYAL YATES,<br><br>        Plaintiff(s),<br><br>    v.<br><br>GUNNALLEN FINANCIAL and CURT WILLIAMS,<br><br>        Defendant(s). | No. C05-1510 BZ<br><br>**RULINGS ON OBJECTIONS AND MOTIONS <u>IN LIMINE</u>** |

The court having reviewed the papers and considered the arguments of counsel and for the reasons discussed during the conference, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's objection to the proposed jury instructions is **OVERRULED**.

2. Defendant's objections to the proposed jury instructions are **OVERRULED**.  A final set of jury instructions will be distributed to the parties on the morning of trial.

3. Plaintiff's motion <u>in limine</u> to exclude Mr. Kraus' testimony is **DENIED**.  See <u>Swinton v. Potomac Corp.</u>, 270 F.3d 794, 814 (9th Cir. 2001).

1

1     4.    Plaintiff's motion <u>in limine</u> to restrict Mr. Nummi's
2          testimony is **DENIED**.  Consistent with the guidelines
3          given during the conference, issues such as whether
4          Mr. Nummi's testimony improperly encompasses expert
5          opinion, or whether Mr. Nummi improperly seeks to
6          testify concerning documents not previously
7          produced, will be resolved on an issue-by-issue
8          basis.
9     5.    Defendant's motion <u>in limine</u> to preclude plaintiff
10          from referring to Mr. Williams as an employee of
11          GunnAllen is **DENIED**, subject to being renewed at
12          trial if a further showing of his status is made.
13     6.    Defendant's motion <u>in limine</u> to preclude plaintiff
14          from referring to Ms. Emrick as an officer or
15          director of GunnAllen is **GRANTED**.
16     7.    Defendant's motions <u>in limine</u> to preclude reference
17          to the fact that neither Mr. Williams nor any
18          GunnAllen employees testified at the first trial
19          were withdrawn.
20     8.    Defendant's motion <u>in limine</u> to preclude plaintiff
21          from introducing evidence that Continental Brokerage
22          was closed down by the regulators is **GRANTED** on the
23          grounds that such evidence is irrelevant.  To the
24          extent that such evidence is relevant, its probative
25          value would be outweighed by the danger of unfair
26          prejudice, confusion of the issues or misleading the
27          jury.  <u>See</u> FRE 403.
28     9.    Defendant's motions <u>in limine</u> to preclude plaintiff

        from introducing evidence about any other customer complaints against Mr. Williams or GunnAllen are **DENIED** insofar as such evidence is relevant to the issue of notice.

10. Defendant's motion <u>in limine</u> to preclude plaintiff from introducing evidence about any deficiencies identified in regulatory examinations of GunnAllen is **DENIED** insofar as such evidence is relevant to the issue of notice.

Dated: November 6, 2006

        */s/ Bernard Zimmerman*
        Bernard Zimmerman
        United States Magistrate Judge

G:\BZALL\-BZCASES\YATES 2\TRIAL 2\RULINGS.OBJ.MOL.NEW.wpd