William J. Schifino, Jr. (Admitted *Pro Hac Vice*)
V. Stephen Cohen (Admitted *Pro Hac Vice*)
WILLIAMS SCHIFINO MANGIONE & STEADY, P.A.
201 N. Franklin Street, Suite 3200
Tampa, FL 33602
Tel:  (813) 221-2626
Fax: (813) 221-7335

Robert T. Sullwold (SBN 88139)
James A. Hughes (SBN 88380)
SULLWOLD & HUGHES
235 Montgomery Street, Suite 730
San Francisco, CA 94104
Tel:  (415) 263-1850
Fax: (415) 989-9798

Attorneys for GunnAllen Financial, Inc.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROYAL YATES<br><br>             Plaintiff(s),<br><br>       vs.<br><br>GUNNALLEN FINANCIAL and CURT WILLIAMS,<br><br>             Defendant(s). | **Case No.: C05-1510BZ**<br><br>**POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REDUCE AMOUNT OF SUPERSEDEAS BOND**<br><br>Date:  Wednesday, June 20, 2007<br>Time: 10:00 a.m.<br>Place: Courtroom G, 15th Floor<br>Judge: Hon. Bernard Zimmerman |

Defendant, GunnAllen Financial, Inc. ("GunnAllen"), submits this memorandum of Points and Authorities in Support of its Motion to Reduce Amount of Supersedeas Bond.

**BACKGROUND**

On November 17, 2006, the Final Judgment After Second Trial ("Judgment") was entered (Docket No. 167).  On December 4, 2006, GunnAllen filed its Federal Rule of Civil Procedure ("FRCP" or "Rule") 50(b) Motion for Judgment as a Matter of Law (Docket No. 173), and on January 11, 2007 this Court denied GunnAllen's Rule 50(b) motion (Docket No. 181).

1

Points And Authorities In Support Of Motion To Reduce Amount Of Supersedeas Bond

On January 30, 2007, GunnAllen filed its Notice appealing both the Judgment and the order denying its Rule 50(b) motion (Docket No. 183).

Since the time the Judgment was entered, and appeal filed, the parties have agreed that Plaintiff would not execute on the Judgment during the appeal if GunnAllen posted a bond.[1] As such, on February 9, 2007, GunnAllen posted a bond with HCC Surety Group, 9841 Airport Boulevard, 9th Floor, Los Angeles, CA 90045, in the amount of $879,000.  On April 13, 2007, the parties entered into a stipulation to stay execution of the Final Judgment (Docket No. 198), and on April 16, 2007, this Court Ordered that Execution of the Final Judgment be stayed pending GunnAllen's appeal (Docket No. 199).

The Plaintiff demanded a bond in the amount of 1.5 times the amount being appealed; otherwise Plaintiff threatened to immediately execute on the Judgment.  Plaintiff demanded this amount based on a misinterpretation of the Federal and California rules.  As explained below, GunnAllen is entitled to a stay of execution of the Judgment by posting a bond in an amount less than 1.5 times the amount being appealed.  As such, GunnAllen is now moving this Court to reduce the amount of the bond to an amount determined by this Court.[2]

---

[1] GunnAllen is only appealing the punitive damages aspect of the Judgment.  GunnAllen paid Plaintiff the compensatory damages portion of the Judgment, as well as costs and interest, on February 9, 2007.

[2] This will also reduce the costs associated with maintaining the bond during the appeal.

2

Points And Authorities In Support Of Motion To Reduce Amount Of Supersedeas Bond

**POINTS AND AUTHORITIES**

Defendant GunnAllen posted a bond in order to avoid immediate execution of the Judgment. However, as explained below, this Court should reduce the amount of the bond since the amount demanded by Plaintiff was based on a misreading of the Federal and California rules, and is not in accordance with California precedent.

### 1. This Court Should Reduce The Amount of The Bond

The purpose of a supersedeas bond is to secure the appellees from a loss resulting from the stay of execution. *See Rachel v. Banana Republic, Inc*., 831 F.2d 1503, 1504 (9th Cir. 1987). As explained in *Rachel*, district courts have inherent discretionary authority in setting supersedeas bonds. *Id.* GunnAllen submits that this Court should use this authority and lower the amount of the supersedeas bond.

The requirement of posting a bond is in essence a judgment insurance policy that the appellee will receive the amount of the judgment if the judgment is affirmed on appeal. As such, GunnAllen should only be required to post a bond in an amount that would cover the damages award being appealed. In this case, that amount is $586,000. Case law supports this as decisions in this Circuit and District have explained that only a full supersedeas bond is required to stay execution. *See Rachel*, 831 F.2d at 1504; *Pacific Reinsurance v. Ohio Reinsurance*, 935 F.2d 1019, 1027 (9th Cir. 1991); *Bass v. First Pac. Networks*, No. 94-17083, 95-15053, 1996 U.S. App. LEXIS 5753 (9th Cir. Mar. 14, 1996); *Pajaro Dunes Rental Agency, Inc. v. Pajaro Dunes Ass'n*, No. C-97-2516 (WHO), 2002 U.S. Dist. LEXIS 2593 (N.D. Cal. Jan. 31, 2002).

Requiring only a bond in the amount of the judgment being appealed satisfies the purpose of the supersedeas bond and, therefore, is the amount that this Court should require ($586,000) to stay execution. *See Celotex Corp. v. Edwards*, 514 U.S. 300, 332 (1995) ("The very purpose of a

supersedeas bond is to protect judgment creditors from the risk that insolvency of the debtor may impair their ability to enforce the judgment promptly"); *Bass*, 1996 U.S. App. LEXIS 5753, at *2 (same).

### 2. Plaintiff Incorrectly Relied On California Code of Civil Procedure §917.1 In Demanding A Higher Bond Amount

Plaintiff required that Defendant post a bond in the amount of 1.5 times the amount being appealed. Otherwise, Plaintiff threatened immediate execution. In arriving at this amount, Plaintiff incorrectly relied on FRCP 62(f), which states:

> (f) Stay According to State Law. In any state in which a judgment is a lien upon the property of the judgment debtor and in which the judgment debtor is entitled to a stay of execution, a judgment debtor is entitled, in the district court held therein, to such stay as would be accorded the judgment debtor had the action been maintained in the courts of that state.

Accordingly, Plaintiff looked to California Code of Civil Procedure §917.1 (2006), which requires the bond to be "one and one-half times the amount of the judgment or order." However, Plaintiff's reliance on both provisions is misplaced. FRCP 62(f) "does not apply because California is not a state in which a judgment is automatically a lien upon the property of the judgment debtor. Rather, under California law, a judgment creditor must record the judgment or an abstract thereof in order to transform a judgment into a lien on property." *Ribbens Int'l, S.A. de C.V. v. Transport Int'l Pool, Inc.*, 40 F. Supp. 2d 1141, 1143 n.2 (C.D. Cal. 1999); *Aldasoro v. Kennerson*, 915 F. Supp. 188, 190 (S.D. Cal. 1995) (explaining that in California, a judgment is not a lien and therefore California does not qualify under Rule 62(f)). Since FRCP 62(f) does not apply, Cal. C. Civ. Proc. §917.1 also does not apply.

Therefore, GunnAllen should not be required to post a bond in the amount of 1.5 times the amount being appealed. This Court should reduce the amount of the bond. GunnAllen requests that this Court only require it to post a bond that is acceptable to this Court, and at most the amount of the punitive damages award being appealed (i.e. $586,000).

## CONCLUSION

For the reasons discussed, GunnAllen respectfully requests that this Court reduce the amount of the supersedeas bond to an amount acceptable to this Court, and at most the amount of the punitive damages award being appealed (i.e. $586,000).

DATED: May 8, 2007          WILLIAM J. SCHIFINO, JR.
                            V. STEPHEN COHEN
                            WILLIAMS SCHIFINO MANGIONE & STEADY P.A.

                            ROBERT T. SULLWOLD
                            JAMES A. HUGHES
                            SULLWOLD & HUGHES

                            s/ William J. Schifino, Jr.
                            William J. Schifino, Jr.

                            Attorneys for GunnAllen Financial

::ODMA\PCDOCS\DOCS\184859\1

## PROOF OF SERVICE

I am a citizen of the United States, more than eighteen years old and not a party to this action. My business address is Williams Schifino Mangione & Steady, P.A., 201 N. Franklin Street, Suite 3200, Tampa, Florida 33602. On May 8, 2007, I served the following document(s):

- **Points And Authorities In Support Of The Motion To Reduce The Amount Of The Supersedeas Bond**

by placing true copies of these papers in an envelope addressed as below and sealing the envelope and causing delivery of the document(s) listed above to the person(s) at the address(es) set forth below, in the manner set forth below:

| **Laurence F. Padway, Esq.**<br>**Law Offices of Laurence F. Padway**<br>**1516 Oak Street, Suite 109**<br>**Alameda, CA  94501** | |

**X**   **U.S. Mail:** by placing the document(s) listed above in a sealed envelope, with First Class postage thereon fully prepaid, and deposited the same in the United States mail at Tampa, Florida.

**Facsimile Transmission:** by transmitting via facsimile from 415-989-9798 during normal business hours, complete and without error on the date indicated below, to the fax number(s) set forth above, and a transmission record was issued by the facsimile machine. A true and correct copy of the said transmission report is attached hereto and incorporated herein by this reference.

**By Hand**: by placing the document(s) listed above in a sealed envelope and delivering to the person(s) listed above personally.

**Overnight Delivery:** by placing the document(s) listed above in an envelope marked for next-day delivery by **Federal Express** to addressee(s) noted above and then sealing the packet, with delivery fee provided for and delivering to a Federal Express collection box, at San Francisco, California.

Executed on May 8, 2007, at Tampa, Florida.

I declare under penalty of perjury under the laws of the State of Florida that the foregoing is true and correct

                                s/ William J. Schifino, Jr.
                                William J. Schifino, Jr.